**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal National Mortgage Association, | No. CV-11-01399-PHX-NVW |
| Plaintiff, | **ORDER** |
| vs. | |
| Raymond J. Dumont, et al., | |
| Defendants. | |

Defendants' Notice of Removal (Doc. 1) filed July 14, 2011, is untimely on its face. Under 28 U.S.C. § 1446(b), the notice of removal must be filed within thirty days after receipt by the defendant. The Notice of Removal states that Defendants are removing an action pending in Maricopa County Superior Court filed on June 28, 2011, with case number CV2010-024464, but Defendants have attached the Complaint filed in Superior Court case number CV2010-024464, which indicates that it was filed on August 30, 2010. Superior Court records show that an affidavit of service was filed on September 22, 2010.

Further, the Notice of Removal here alleges diversity jurisdiction under 12 U.S.C. § 1332 and that "Defendants are citizens of the State of Arizona." If the only basis for removal is diversity jurisdiction, the action is removable only if none of the defendants is a citizen of the state in which the action was brought. 28 U.S.C. § 1441(b). Moreover, the Notice of Removal does not allege any facts regarding Plaintiff's citizenship.

Finally, the Notice of Removal of this action for forcible detainer after trustee's sale does not allege facts to support its conclusion that "the amount in controversy exceeds $75,000." The Complaint seeks judgment awarding Plaintiff the right to immediate possession of the property and a writ of restitution to restore possession of the property to Plaintiff. Because the sole issue in a forcible detainer action is the right of possession, not title, there is no amount in controversy in the absence of other relief sought. *See* A.R.S. § 12-1177(A).

Federal courts may exercise removal jurisdiction over a case only if subject matter jurisdiction exists. 28 U.S.C. § 1441(a); *Toumajian v. Frailey*, 135 F.3d 648, 653 (9th Cir. 1998). The removing party bears the burden of establishing subject matter jurisdiction as a basis for removal. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). To satisfy this burden, the removing party must demonstrate that either diversity or federal question jurisdiction existed at the time of removal. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing 28 U.S.C. § 1441). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction over a case removed from state court, the case must be remanded. 28 U.S.C. § 1447(c).

IT IS THEREFORE ORDERED that Defendants show by **July 29, 2011**, why this action should not be remanded to the Superior Court.

DATED this 15th day of July, 2011.

_____
Neil V. Wake
United States District Judge